FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| STEVEN LEE SMITH,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>CITY OF SAN DIEGO, a municipal<br>corporation; et al.,<br><br>              Defendants - Appellees. | No. 10-55393<br><br>D.C. No. 3:09-cv-02254-LAB-<br>BLM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 2, 2011[**]

Before:      RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

   Steven Lee Smith appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that city officials violated his First

Amendment right to petition the government by refusing to accept further in-

---

   [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

person complaints concerning purported zoning and municipal code violations after Smith had lodged numerous complaints on the same matter. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007), and we affirm.

The district court properly dismissed Smith's action because it is devoid of merit given that Smith had sufficient opportunities to submit complaints to defendants, and the action appears to be an attempt to obtain federal jurisdiction to review prior state and local proceedings concerning Smith's complaints. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (a claim may be dismissed for lack of subject matter jurisdiction if it appears to be made for the purpose of obtaining jurisdiction or is wholly devoid of merit); *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 131 n.6 (1977) (the restriction of some avenues for petitioning the government does not violate the First Amendment).

Smith's motion to expedite this appeal is denied as moot.

**AFFIRMED.**